UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KIMBERLY D. CROSSON,            )
                               )
            Plaintiff          )
v.                             )        1:22-cv-00172-LEW
                               )
SOMERSET COUNTY SHERIFF'S      )
DEPARTMENT, et al.,            )
                               )
            Defendants         )

**RECOMMENDED DECISION TO DISMISS
BASED ON PLAINTIFF'S FAILURE TO PROSECUTE**

On May 27, 2022, Plaintiff filed a complaint (ECF No. 1) and a motion to proceed without prepayment of fees and costs (ECF No. 2).  On June 2, 2022, the Court denied the motion without prejudice as Plaintiff did not provide the financial information necessary to support the motion.  (Order, ECF No. 7.)  The Court forwarded a new Application to Proceed Without Prepayment of Fees to Plaintiff and advised that Plaintiff could renew her motion with more financial information.  The Court informed Plaintiff that if she failed to file a more complete motion by June 16, 2022, the Court could dismiss the matter.  To date, Plaintiff has not filed a more complete motion.

Because Plaintiff failed to file a new application to proceed without prepayment of fees nor supplemented her original motion, I recommend the Court dismiss the matter.

**DISCUSSION**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)."  *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link*

*v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has failed to comply with the Court's June 2, 2022, Order that required Plaintiff to file a more complete application to proceed without prepayment of fees and costs and has otherwise failed to prosecute her claim.  Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of June, 2022.